**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2134
_____

KEYRON LAMONTE BINNS; SHARIF ALI GENTRY

v.

JOE TORSELLA, State Treasurer of Unclaimed Property;
BRIAN MUNLEY, CPA Director, Unclaimed Property;
JOHN DOE, Unclaimed Property Employee;
JANE DOE, Unclaimed Property Employee

KEYRON LAMONTE BINNS,
                                             Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:20-cv-00925)
District Judge: Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on August 24, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: October 2, 2023)
_____

---

OPINION[*]

---

PER CURIAM

Pro se Appellants Keyron Lamonte Binns and Sharif Ali Gentry, Sr., filed a complaint under 42 U.S.C. § 1983, subsequently amended, alleging that property that they should have inherited was withheld by the Appellees in violation of the Appellants' constitutional rights. The Appellees filed a motion to dismiss on three grounds: failure to state a claim upon which relief can be granted, lack of subject matter jurisdiction, and preclusion by sovereign immunity. A Magistrate Judge issued a report recommending that the motion be granted. The Appellants objected to the report. The District Court overruled those objections, adopted the Magistrate Judge's report and recommendation, and dismissed the complaint. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's dismissal under Fed R. Civ. P. 12(b). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Since the Appellants are proceeding in forma pauperis, we must dismiss the appeal if it is legally frivolous. See 28 U.S.C. § 1915(e)(2)(B). We may take summary action when no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The Appellees in this case are employees of the Pennsylvania Department of Treasury and its Bureau of Unclaimed Property. To the extent that the Appellants sued the Appellees in their official capacities as state officials, we agree with the District Court that they are immune under the Eleventh Amendment. See Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990). Although there are exceptions to Eleventh Amendment immunity, see MCI Telecomm. Corp. v. Bell Atlantic Pa., 271 F.3d 491, 503 (3d Cir. 2001), none of them are applicable here. There has been neither congressional abrogation nor state waiver, and the Ex Parte Young exception does not apply in cases, as here, where "although the action is nominally against individual officers, the state is the real, substantial party in interest and the suit in fact is against the state." Id. at 506.

To the extent that the Appellees are not immune, the Appellants also failed to state a claim upon which relief could be granted. Construing their complaint as a claim for deprivation of property without due process, we agree with the District Court that the Appellants failed to allege that the Appellees participated in the alleged constitutional violations, directed others to do so, or had knowledge of the violations and acquiesced to them. See Baker v. Monroe Twp., 50 F.3d 1186, 1190–91 (3d Cir. 1995). We also concur with the District Court's reasoning as to the denial of further leave to amend as futile.

For these reasons,[1] we find that no substantial question has been presented on appeal, and will affirm the District Court's dismissal of the Appellants' complaint. We also deny Binns's motion for appointment of counsel.

---

[1] In light of the foregoing, we need not reach the District Court's alternative conclusion that the complaint is barred because the Appellants did not exhaust the administrative remedies available to them.